# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| V. | ) Criminal No. 07-371 |
| | ) |
| TIWAND HILL | ) |

## MEMORANDUM ORDER

Presently before the Court are *pro se* Defendant Tiwand Hill's "Petition for the Clarification of Sentence and the Enforcement of Original Jurisdiction" (Docket No. 108) and the Government's response thereto (Docket No. 112). In his Petition, Defendant requests that the Court clarify the sentence of imprisonment imposed by this Court on December 30, 2008. (Docket No. 108). He claims that he should have commenced serving his federal sentence prior to a subsequently imposed sentence in state court which was ordered to run concurrent to any sentence he was then-presently serving. (*Id.*). He seeks the court to order his federal sentence to commence immediately or, alternatively, that he be permitted to serve his federal sentence in state custody through a retroactive (concurrent) designation of the state prison as the place of his federal confinement. (*Id.*). In response, the Government maintains that Defendant is in the wrong forum and that he should petition the state courts for relief from his disputed state sentence. (Docket No. 112).

Upon consideration of the parties' submissions, and for the reasons set forth below, the Court ORDERS that: to the extent Defendant's Petition is construed as challenging the United States' authority to exercise jurisdiction over him, it is dismissed; if Defendant's Petition seeks

1

only clarification of the sentence imposed by this Court on December 30, 2008, said request is denied; and, insofar as the relief requested in Defendant's Petition arises under § 2241, it is dismissed, without prejudice, for lack of jurisdiction.

I. BACKGROUND

By way of background, Defendant was initially arrested and charged by state authorities with robbery and aggravated assault on July 27, 2006 in the Court of Common Pleas of Allegheny County. (Docket No. 101). He was released on bail on these charges. (*Id*.). Defendant was later arrested and charged by state authorities with violations of his bail as a result of his arrest for possession of firearms on September 4, 2007 in the Court of Common Pleas of Allegheny County. (*Id*.). As a result of same, Defendant's bail was revoked on September 6, 2007 and he remained detained in state custody. (*Id*.).

Subsequently, a criminal complaint was filed in the United States District Court for the Western District of Pennsylvania on October 9, 2007 charging Defendant with violating 18 U.S.C. § 922(g)(1) due to his possession of a firearm despite his status as a convicted felon. (Docket No. 1). He was then indicted on the same charge on October 16, 2007. (Docket No. 4). A writ of habeas corpus *ad prosequendum* was issued on October 30, 2007 ordering Defendant to appear in federal court on the federal charges. (Docket No. 9). At his initial appearance in federal court, Defendant was ordered to be detained in federal custody pending trial. (Docket No. 16). Defendant's case proceeded to trial and on July 31, 2008, a jury found Defendant guilty of count one of the Indictment. (Docket No. 63). Defendant was then sentenced by this Court to sixty (60) months in prison, followed by three (3) years' supervised release and a special assessment of $100 was imposed. (Docket No. 80).

After his sentencing on December 31, 2008, the writ of habeas corpus *ad prosequendum* was fully executed and Defendant was returned to the custody of state authorities. (Docket No. 82). Then, on January 12, 2009, Defendant pled guilty to robbery and was sentenced to five to ten years' imprisonment; said term to be concurrent "with any sent[ence] now serving." (Docket No. 101-1).

This Court received a letter from the Federal Bureau of Prisons ("BOP") dated November 20, 2009 requesting a non-binding recommendation from the Court as to a retroactive (concurrent) designation of Mr. Hill's federal sentence in relation to a subsequently imposed state sentence under *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990) and 18 U.S.C. § 3621(b). (Exhibit "A", attached). In response to same, this Court forwarded the BOP's communication to Defendant's former counsel, Sally Frick, Esquire and counsel for the Government, accepted briefing from counsel and then held oral argument as to the issues presented by the BOP's request. (Docket Nos. 99, 101, 102). After considering the parties' positions, Defendant's file and the relevant statutory provisions and caselaw, the Court replied to the BOP in a letter dated January 11, 2010. (Exhibit "B", attached). In that letter, the Court offered its non-binding recommendation to the BOP that the Defendant's federal sentence should run consecutively to the state sentence. (*Id*.).

To date, Defendant remains in state custody at SCI-Graterford and has yet to commence serving his federal sentence. (Docket No. 108).

II. DISCUSSION

Defendant is *pro se*, and his allegations in his pleadings are liberally construed. *United States v. Miller*, 197 F.3d 644, 648 (3d Cir. 1999). In addition, "federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a *pro se*

3

inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *Miller*, 197 F.3d at 648 (quoting *United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir.1990)).

Here, construing his pleadings liberally, the Court believes that Defendant has made the following claims: (1) that his federal sentence imposed on December 30, 2008 is unlawful because federal authorities relinquished jurisdiction over him to the state--allegedly causing him to serve the subsequently imposed state sentence in the state corrections system prior to the commencement of his federal sentence; (2) that the Court should clarify the federal sentence imposed and its effect on the subsequently imposed state sentence; and, (3) that the BOP improperly denied his request for a concurrent retroactive designation of his federal sentence under 18 U.S.C. § 3621(b). (Docket No. 108). The Court will address each of these purported claims, in turn.

> A. *Defendant Lacks Standing to Challenge the United States' Discretionary Decision to Relinquish Jurisdiction Over Him*

Defendant's claim that federal authorities improperly relinquished jurisdiction over him to the Commonwealth of Pennsylvania after his federal sentencing on December 30, 2008 is without merit. The United States Court of Appeals for the Third Circuit has recognized that "(t)he exercise of jurisdiction over a prisoner who has violated the law of more than one sovereignty and the priority of prosecution of the prisoner is solely a question of comity between the sovereignties which is not subject to attack by the prisoner." *Bowman v. Wilson*, 672 F.2d 1145, 1154 (3d Cir. 1982) (citing *Derengowski v. United States Marshal*, 377 F.2d 223, 224 (8th Cir. 1967), *cert. denied*, 389 U.S. 884, 88 S.Ct. 144, 19 L.Ed.2d 180 (1967)). Thus, a defendant is without standing to pursue a claim regarding the priority of custody between two sovereigns.

4

*Id*. Following these principles, Defendant lacks standing to challenge the United States' discretionary decision to return him to the custody of the Commonwealth of Pennsylvania following his federal sentencing.[1] Therefore, to the extent Defendant contests this decision, his claim must be dismissed.

## B. *Clarification of Sentence*

To the extent that Defendant requests only a clarification of his federal and state sentences from this Court, his motion is DENIED. This Court announced Defendant's sentence on December 30, 2008 and it lacks authority to direct the BOP as to how to implement same. This Court also cannot provide Defendant with an advisory opinion further explaining the sentence imposed or the effect of that sentence on the subsequently imposed state sentence. *See Burkey v. Murberry*, 556 F.3d 142, 149 (3d Cir. 2009) (recognizing that a "District Court may not render an advisory opinion"). Likewise, this Court cannot render any assistance to Defendant regarding the potential effect of the state sentence. *Id*. To this end, the Court agrees with the Government that if Defendant seeks to challenge his state sentence, he must seek appropriate relief in the state courts rather than pursue such a challenge here.[2]

---

[1] Defendant also seems to suggest that the United States had "original" or primary jurisdiction over him in this case. (Docket No. 108). The Court disagrees. The record clearly demonstrates that Defendant was initially detained by state authorities and then prosecuted federally under a writ of habeas corpus *ad prosequendum*. (*See* Docket Nos. 9, 16, 82). It is well-settled that "[a] prisoner detained pursuant to a writ *ad prosequendum* is considered to remain in the primary custody of the first jurisdiction unless and until the first sovereign relinquishes jurisdiction over the person. The receiving sovereign-in this case, the federal government-is, therefore, considered simply to be 'borrowing' the prisoner from the sending sovereign for the purposes of indicting, arraigning, trying, and sentencing him." *Ruggiano v. Reish*, 307 F.3d 121, 125 n.1 (3d Cir. 2002). In addition, "[t]he sovereign with primary custody is entitled to have the individual serve a sentence it imposes before he serves a sentence imposed by any other jurisdiction." *George v. Longley*, Civ. A. No. 10-65, 2011 WL 1327482, at *3 (W.D.Pa. Apr. 6, 2011).

[2] The Court notes that it expresses no opinion regarding whether Defendant is entitled to credit for the period from November 9, 2007 through December 31, 2008 as is suggested by the Government in its response. (*See* Docket No. 112 at ¶ 5). As discussed in § II.C, *infra*, the Bureau of Prisons is delegated sole authority to calculate presentence credits regarding Defendant's federal sentence. *See* § II.C., *infra*.

### C. *This Court Lacks Jurisdiction Over Defendant's § 2241 Motion*

Finally, insofar as Defendant's arguments are construed as a § 2241 motion challenging the BOP's calculation and execution of his sentence, including its determination to decline to grant him a concurrent retroactive designation under 18 U.S.C. § 3621(b) and *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990), this Court lacks jurisdiction to hear his claim. The BOP is delegated the sole discretion to make such determinations regarding sentence computations pursuant to 18 U.S.C. §§ 3585 and 3621. *See Galloway v. Warden of F.C.I. Ft. Dix*, 385 Fed.Appx. 59, 62 (3d Cir. 2010). A challenge to the BOP's exercise of its discretion as to these matters must be brought by a prisoner in the district where he is incarcerated rather than argued to the sentencing judge. *Burkey v. Marberry*, 556 F.3d 142 (3d Cir. 2009) ("A challenge to the BOP's execution of a sentence is properly brought under 28 U.S.C. § 2241."); *see also United States v. Smith*, 355 Fed.Appx. 656, 657-58 (3d Cir. 2009) (challenge to computation of a federal sentence by the Bureau of Prisons properly raised in § 2241 petition in district where the defendant is incarcerated). Therefore, to the extent that Defendant's motion is characterized as a § 2241 motion, it must be dismissed, without prejudice, for lack of jurisdiction.

### III. CONCLUSION

Based on the foregoing, the Court ORDERS as follows:

A. Plaintiff's Petition for Clarification [108] is DISMISSED insofar as he challenges the United States' decision to cede jurisdiction to the state authorities;

B. Plaintiff's Petition for Clarification [108] is DENIED to the extent that he seeks clarification of the challenged sentences; and,

C. Plaintiff's Petition for Clarification [108] is DISMISSED, without prejudice, for lack of jurisdiction under § 2241.

*s/Nora Barry Fischer*
Nora Barry Fischer
U.S. District Judge

Date: June 2, 2011

cc/ecf: All counsel of record.

Defendant Tiwand Hill
HW7406
SCI Graterford
P.O. Box 244
Graterford, PA 19426-0244