# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Crim. No. 07-371 |
| | ) | Civ. A. No. 16-550 |
| TIWAND HILL, | ) | Judge Nora Barry Fischer |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**

I.  INTRODUCTION

This matter is before the Court on a § 2255 motion to vacate, set aside, or correct sentence filed by Defendant Tiwand Hill which is opposed by the Government. (Docket Nos. 121, 124, 140, 143, 146). Defendant argues that his sentence of 60 months' incarceration must be vacated in light of *Johnson v. United States*, 576 U.S. ___, 135 S.Ct. 2551, 2556-57 (2015) which held that the "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is void for vagueness. (Docket Nos. 121, 140, 146). He contends that his sentence is unconstitutional because his base offense level was raised 6 levels pursuant to Guideline § 2K2.1(a)(4)(A) as a result of his having previously sustained a conviction for a "crime of violence," as determined under the identical "residual clause" set forth in Guideline § 4B1.2(a)(2). (*Id.*). The Government opposes the motion on several procedural grounds and otherwise contends that Defendant is not prejudiced by the sentence because his prior conviction for simple assault under 18 Pa.C.S. § 2701(a)(1) still constitutes a "crime of violence" under the elements or force clause to Guideline § 4B1.2(a)(1). (Docket Nos. 124, 143). The motion has been extensively briefed by the parties. (Docket Nos. 121, 124, 140, 143, 146). Subsequent to the

1

parties' briefing, this Court held in *United States v. Stanton*, Crim. No. 11-57, that a conviction of simple assault under 18 Pa.C.S. § 2701(a)(1) is not a "crime of violence" under Guideline § 4B1.2(a)(1) in light of binding Third Circuit jurisprudence holding that such offense is not categorically a crime of violence under the Guidelines. *See United States v. Stanton*, Crim. No. 11-57, Docket No. 216 (W.D. Pa. Nov. 4, 2016). After careful consideration of the parties' positions and for the following reasons, Defendant's Motion [121] is granted.

II. BACKGROUND

By way of background, Defendant was initially arrested and charged by state authorities with robbery and aggravated assault on July 27, 2006 in the Court of Common Pleas of Allegheny County. (Docket No. 101). He was released on bail on these charges. (*Id.*). Defendant was later arrested and charged by state authorities with possession of firearms on September 4, 2007 in the Court of Common Pleas of Allegheny County. (*Id.*). Because of same, Defendant's bail was revoked on September 6, 2007 and he remained detained in state custody. (*Id.*).

Federal authorities adopted the second case arising from the September 4, 2007 incident for federal prosecution. Thereafter, a criminal complaint was filed in the United States District Court for the Western District of Pennsylvania on October 9, 2007 charging Defendant with violating 18 U.S.C. § 922(g)(1) due to his possession of a firearm despite his status as a convicted felon. (Docket No. 1). He was then indicted on the same charge on October 16, 2007. (Docket No. 4). A writ of habeas corpus ad prosequendum was issued on October 30, 2007 ordering Defendant to appear in federal court on the federal charges and he was brought into federal custody on November 9, 2007. (Docket No. 9). At his initial appearance in federal court, Defendant was ordered to be detained in federal custody pending trial. (Docket No. 16). Defendant's case proceeded to trial and on July 31, 2008, a jury found him guilty of count one of the Indictment.

(Docket No. 63).

Defendant appeared before the Court for sentencing on December 30, 2008. At that time, the Court made rulings on various objections and computed Defendant's advisory guidelines range as 70-87 months based on a total offense level of 26 and a criminal history category of II. (Docket No. 75). Relevant here, Defendant's total offense level was 20 under Guideline § 2K2.1(a)(4)(A) because he committed any part of the offense subsequent to his having been convicted of a "crime of violence" within the definition of Guideline § 4B1.2. (*Id.*). In Defendant's case, the Presentence Investigation Report ("PIR") listed two such convictions under Pennsylvania law, i.e., recklessly endangering another person under 18 Pa. C.S. § 2705 and simple assault under 18 Pa.C.S. § 2701(a)(1). *See* PIR at ¶ 12. He did not object to the computation of his base offense level at the sentencing hearing. (*See* Docket Nos. 71, 75). Defendant's criminal history category was not affected by the state charges, as they remained pending in state court at the time of the sentencing hearing. *See* PIR at ¶ 29.

Defendant moved for a variance pursuant to the § 3553(a) factors which was opposed by the Government for several reasons, one of which being that Defendant was still subject to the aforementioned state criminal charges and the seriousness of his conduct which led to those charges. (Docket Nos. 79, 91). After hearing argument from counsel, the Court granted the Defendant's motion for a variance, in part, over the Government's objection. (*Id.*). Defendant was then sentenced by this Court to a term of imprisonment of 60 months' incarceration, to be followed by 3 years' supervised release and a $100.00 special assessment. (Docket Nos. 79, 80). Upon Defendant's request, this Court extended the time period for which he could appeal his sentence by 30 days. (Docket Nos. 84, 85).

In the interim, Defendant was returned to state custody to face the charges, and on January

12, 2009, he pled no contest to charges of robbery-inflict serious bodily injury, aggravated assault and persons not to possess a firearm and was sentenced to five to ten years' imprisonment, concurrent to any other sentence he was then serving. (*See* PIR at ¶ 29; Docket No. 101-1). With the assistance of his appointed appellate counsel, Defendant voluntarily withdrew his appeal of his federal conviction and sentence and his appeal was dismissed by the Court of Appeals on October 6, 2009. (Docket No. 96).

Defendant made a request to the Federal Bureau of Prisons ("BOP") that he receive a retroactive designation of his federal sentence to be served in the state penitentiary and the BOP requested input from this Court in reaching its decision. (Docket No. 113 at 3-4). The Court accepted briefing from the parties and convened oral argument, after which the Court sent a letter to the BOP recommending that the request be denied. (Docket Nos. 99, 102, 113-2). By operation of 18 U.S.C. § 3584(a), Defendant served the state and federal sentences consecutively. *See* 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."). The parties agree that Defendant has served his state sentence and is presently in the custody of the BOP with an anticipated release date of January 19, 2017. (Docket Nos. 121, 128).

Defendant filed the instant motion to vacate on May 3, 2016. (Docket No. 121). The Government submitted its Response on June 3, 2016, providing the Court with the relevant state court documents from the underlying simple assault conviction. (Docket No. 124). The Court granted Defendant an extension of time within which to file a Reply Brief until July 25, 2016. (Docket Nos. 126, 127).

Thereafter, the Government moved to stay the § 2255 proceedings in light of the Supreme Court's grant of a writ of certiorari in the matter of *Beckles v. United States*, No. 15-8544 (cert.

granted June 27, 2016), where the issues before the Supreme Court include whether the decision in *Johnson* invalidates the residual clause of § 4B1.2(a)(2) and if so, whether such decision is retroactive for purposes of § 2255 proceedings. (Docket No. 128). In many other matters before this Court, Defendants acquiesced to the Government's request for a stay but Defendant objected in this instance. (Docket No. 130). At Defendant's request, the Court held the briefing schedule on the § 2255 motion in abeyance and the parties proceeded to litigate the requested stay due to *Beckles*. (Docket Nos. 131, 132). Defendant filed his brief in opposition to the stay on July 21, 2016. (Docket No. 130). The Government filed its Reply Brief on August 5, 2016. (Docket No. 133). The Court then ordered the parties to file supplemental briefs outlining their positions as to the effect of Defendant's subsequent state convictions at any resentencing hearing so that the Court could determine if he would be prejudiced by the stay. (Docket No. 134). The parties filed their supplemental briefs on August 24, 2016. (Docket Nos. 135, 136). The Court entered an Order denying the stay on September 14, 2016 and re-established deadlines for the continued briefing on the § 2255 motion. (Docket No. 137).

Subsequently, on October 7, 2016, Defendant filed his Reply Brief. (Docket No. 140). Upon the Court's direction, the Government submitted a Sur-Reply Brief on October 18, 2016. (Docket No. 143). Defendant then sought leave of court to submit a further response, which the Court granted. (Docket Nos. 144, 145). Defendant filed his Response on October 24, 2016. (Docket No. 146). As all briefing is concluded, the matter is now ripe for disposition.

III. LEGAL STANDARD

A prisoner in federal custody may move to vacate his or her sentence under 28 U.S.C. § 2255(a) if such "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). A motion under § 2255 is a collateral challenge that is viewed less

5

favorably than a direct appeal and "relief under § 2255 is available only when 'the claimed error of law was a fundamental defect which inherently results in a complete miscarriage of justice, and ... present[s] exceptional circumstances where the need for the remedy afforded by the writ ... is apparent.'" *United States v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014) (quoting *Davis v. United States*, 417 U.S. 333, 346, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974)) (further quotations omitted). Generally, a district court must order an evidentiary hearing in a federal habeas case if a criminal defendant's § 2255 allegations raise an issue of material fact. *United States v. Biberfeld*, 957 F.2d 98, 102 (3d Cir. 1992). But, if there is "no legally cognizable claim or the factual matters raised by the motion may be susceptible of resolution through the district judge's review of the motion and records in the case," the motion may be decided without a hearing. *United States v. Costanzo*, 625 F.2d 465, 470 (3d Cir. 1980); *see also Lilly*, 536 F.3d at 195. If a hearing is not held, the district judge must accept the criminal defendant's allegations as true "unless they are clearly frivolous on the basis of the existing record." *Gov't of Virgin Islands v. Bradshaw*, 726 F.2d 115, 117 (3d Cir. 1984). Similarly, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation." *United States v. Knight*, 2009 WL 275596, at *13 (W.D. Pa. 2009) (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)).

IV. DISCUSSION

As this Court recently held in *Stanton*, the Supreme Court's decision in *Johnson* represents a potential sea change in the law relative to the sentencing of criminal defendants with prior convictions. *See Stanton*, Crim. No. 11-57, Docket No. 216. In *Johnson*, the Supreme Court held that the "residual clause" of ACCA defining a "violent felony" as an offense punishable by more than one year that "otherwise involves conduct that presents a serious potential risk of physical injury to another" violated the Due Process Clause of the Fifth Amendment to the United

6

States Constitution as void for vagueness. *Johnson*, 135 S.Ct. at 2556-57. After *Johnson*, the law has developed rapidly with decisions being rendered on challenges by offenders to other statutes and provisions of the Sentencing Guidelines that contain language similar or identical to the "residual clause" of ACCA. *See e.g.*, *Welch v. United States*, ---- U.S. ----, 136 S.Ct. 1257 (2016); *United States v. Calabretta*, 831 F.3d 128, 134 (3d Cir. 2016). Defendant's objection to the guidelines enhancement assessed in his case under Guideline § 2K2.1(a)(4)(A) falls within this realm as his base offense level was increased by six levels (from 14 to 20) due to his having a prior conviction for a "crime of violence" as defined in Guideline § 4B1.2. (Docket No. 121). The advisory guidelines range at Defendant's sentencing was 70-87 months or nearly double what the advisory guidelines range would have been without the enhancement, i.e., 37-46 months. (*Id.*). Prior to addressing the merits of Defendant's claim and the defenses raised by the Government, the Court will briefly outline the recent developments in the law as it pertains to the application of the "residual clause" at various stages of proceedings.

At the outset, *Johnson* makes clear that ACCA's residual clause is unconstitutional and cannot be applied in pending cases. *Johnson*, 135 S.Ct. at 2556-57. The Supreme Court later held in *Welch* that *Johnson* announced a substantive rule of constitutional law that applies retroactively to cases on collateral review. *Welch*, 136 S.Ct. 1257. Hence, *Johnson* and *Welch* opened the door for offenders that were previously sentenced under ACCA's "residual clause" to challenge their sentences via a § 2255 motion.

With respect to the Sentencing Guidelines, the Supreme Court has not yet decided whether the holding in *Johnson* extends to invalidate the identically worded "residual clause" in § 4B1.2(a)(2). A circuit split has developed on this point and the matter is teed up before the Supreme Court for a possible decision in *Beckles*, which was argued on November 28, 2016. The

7

United States Court of Appeals for the Third Circuit is positioned on one side of the circuit split as it determined in *Calabretta* "that the 'residual clause' in § 4B1.2 of the Guidelines is unconstitutionally vague," following *Johnson*. *Calabretta*, 831 F.3d at 134; *see also United States v. Cabrera*, --- F. App'x ----, 2016 WL 4375623, at * (3d Cir. 2016) (remanding for resentencing in light of *Johnson* and *Calabretta*). The United States Sentencing Commission has also removed the "residual clause" from the career offender guideline, effective August 1, 2016. *See* U.S.S.G. § 4B1.2 (2016). Thus, the "residual clause" of § 4B1.2(a)(2) is inapplicable in pending cases being litigated in this Circuit.

A second and related issue that is pending before the Supreme Court in *Beckles* is whether a decision that the "residual clause" of § 4B1.2(a)(2) is unconstitutional establishes a substantive rule that applies retroactively to cases on collateral review. The Court of Appeals for the Third Circuit has not yet directly addressed this issue in a case under the advisory guidelines regime. *See United States v. Doe*, 810 F.3d 132 (3d Cir. 2015) (holding that § 2255 petition under *Begay* challenging guidelines enhancement is cognizable under mandatory guidelines); *Calabretta*, 831 F.3d at 137 ("we need not consider whether the residual clause of the career offender enhancement likewise involves a substantive rule of law requiring its retroactive application on collateral review."). As noted above, many § 2255 motions have been stayed pending the disposition of *Beckles*. However, in cases that have not been stayed, District Courts within the Third Circuit have held that the rule is substantive, permitting retroactive challenges to the "residual clause" of § 4B1.2 in § 2255 proceedings. *See e.g., United States v. Boone*, 2016 WL 3057655 (W.D. Pa. May 31, 2016) (McVerry, J.); *United States v. Smith*, Cr. No. 92-146, Civ. No. 16-574, 2016 WL 4480072 (W.D. Pa. Aug. 25, 2016) (Ambrose, J.); *United States v. Swerdon*, --- F. Supp. 3d ----, 2016 WL 4988065 (M.D. Pa. Sept. 19, 2016) (Munley, J.); *cf. United States v. Strickler*, Crim. No.

8

11-158, Docket No. 810 (W.D. Pa. Aug. 8, 2016) (Bissoon, J.) (summary order).

In light of this authority, this case presents two essential questions for the Court: first, is a decision holding that the residual clause of § 4B1.2 is unconstitutional a substantive one, such that it can be applied retroactively to cases on collateral review as Defendant is attempting here; and second, is Defendant prejudiced by the 60 month sentence that he is serving or is his Pennsylvania simple assault conviction under 18 Pa.C.S. § 2701(a)(1) a crime of violence under the elements or force clause under § 4B1.2(a)(1)? (*See* Docket Nos. 121, 124, 140, 143, 146). Having carefully considered the parties' arguments, the Court answers both questions in the affirmative and will enter an Order vacating Defendant's sentence and set the matter for resentencing.[1]

On the first question, absent further guidance from the Supreme Court or the Third Circuit, the Court is persuaded by the well-reasoned decisions by the Honorable Terrence McVerry of this District in *Boone*, and by the Honorable James Munley of the Middle District in *Swerdon*, that the declaration that the "residual clause" of § 4B1.2(a)(2) is unconstitutional establishes a substantive rule that applies retroactively for cases on collateral review in light of *Johnson*, *Welch*, and *Calabretta*, among other opinions. *Boone*, 2016 WL 3057655; *Swerdon*, 2016 WL 4988065. Therefore, the Court adopts the analysis of *Boone* and *Swerdon* herein and likewise holds that the "residual clause" of § 4B1.2(a)(2) is unconstitutional. *Id.* The Court further finds that this is a "substantive rule" because "it alters the range of conduct or the class of persons that the law punishes." *Welch*, 136 S.Ct. at 1264-65. The Court believes that it is not a "procedural rule" as

---

[1] In so doing, the Court also overrules the Government's positions that Defendant's § 2255 claim is procedurally defaulted and untimely under § 2255(f)(1). (*See* Docket No. 124). Other courts have persuasively explained why these defenses do not preclude § 2255 *Johnson* motions. *See e.g., Boone*, 2016 WL 3057655; *Swerdon*, 2016 WL 4988065. Here, Defendant filed his § 2255 motion within 1 year of the *Johnson* decision, so it is timely. (*See* Crim. No. 07-371, Docket Report). For reasons outlined in the body of this opinion, Defendant has also made a sufficient showing to avoid any procedural default, i.e., he has shown cause and prejudice or that a miscarriage of justice will result if he is required to serve the sentence which is based on the constitutional error, i.e., simple assault under § 2701(a)(1) and reckless endangerment under § 2705 no longer constitute "crimes of violence" under § 4B1.2.

9

the Government advocates because such rules "regulate only the *manner of determining* the defendant's culpability," by altering "the range of permissible methods for determining whether a defendant's conduct is punishable." *Id.* at 1265 (emphasis in original) (internal quotation omitted).

Applied to Defendant's case, the advisory guidelines range of 70-87 months determined at his sentencing was computed based on the application of an enhancement provision of the Sentencing Guidelines that has now been deemed void as unconstitutionally vague.[2] Although the Sentencing Guidelines are advisory, the Court is required by Third Circuit precedent to follow certain procedures at every sentencing, i.e.: (1) accurately compute the applicable guidelines range; (2) rule on any motions seeking departures or variances from such range; and, (3) exercise its discretion by considering the factors under 18 U.S.C. § 3553(a). *See United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). While the Court exercised its discretion at the sentencing hearing in Defendant's case, varying downward to the sentence of 60 months' incarceration, as the Court explains below, the six level enhancement under § 2K2.1(a)(4)(A) would not apply if he were sentenced today, and the Court would need to vary upward to arrive at such a sentence. Hence, there is a reasonable probability that Defendant was subject to increased punishment as a result of such constitutional error. *See Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345

---

[2] The Court rejects the Government's position that Defendant failed to demonstrate that the Court relied upon the residual clause of § 4B1.2(a)(2) at the original sentencing hearing because that subsection is not directly cited in the PIR, the Court's Tentative Findings and Rulings or the sentencing transcript. (*See* Docket No. 124). The lack of a specific citation is of no moment because at the time of Defendant's sentencing on December 30, 2008, Third Circuit precedent held that the two predicate offenses here, recklessly endangering another person and simple assault, were crimes of violence under the residual clause of § 4B1.2(a)(2). *See e.g., United States v. Speaks*, 241 F. App'x 823, 824 (3d Cir. 2007) (recklessly endangering another person crime of violence under § 4B1.2(a)(2)); *United States v. Branch*, 304 F. App'x 995, 998 (3d Cir. 2008) (same); *United States v. Dorsey*, 174 F.3d 331 (3d Cir. 1999) (simple assault crime of violence under residual clause). Indeed, a few months prior to Defendant's sentencing, this Court held in *United States v. Holmes*, Cr. No. 07-282, Docket No. 113 (W.D. Pa. Sept. 15, 2008), that simple assault was a "crime of violence" under the residual clause to § 2701(a)(1). These decisions are no longer good law in light of *Johnson*, among other precedent, but certainly undermine the Government's contention that any other portion of § 4B1.2(a) was relied upon by the Court at Defendant's initial sentencing.

(2016) ("When a defendant is sentenced under an incorrect Guidelines range—whether or not the defendant's ultimate sentence falls within the correct range—the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error."). Accordingly, the Court holds that this is a substantive rule under *Welch* and will give retroactive application to such rule and permit the § 2255 claim to go forward.

Moving on to the second question posed above, the Court also concludes that Defendant's prior convictions under 18 Pa.C.S. §§ 2701(a)(1) and 2705 do not constitute "crimes of violence" under § 4B1.2(a)(2), making the enhancement under § 2K2.1(a)(4)(A) inapplicable. Here, the Government concedes that the conviction for recklessly endangering another person under § 2705 does not constitute a "crime of violence." (Docket Nos. 124, 143). However, the parties dispute the import of the simple assault conviction. (Docket Nos. 121, 124, 140, 143, 146). In this regard, Defendant contends that simple assault cannot serve as a predicate felony applying the categorical approach, as refined in *Mathis v. United States*, --- U.S. ----, 136 S.Ct. 2243 (2016), along with Third Circuit precedent analyzing 18 Pa.C.S. § 2701(a)(1). (Docket Nos. 121, 140, 146). The Government counters that the recent Supreme Court decisions in *Voisine v. United States*, --- U.S. ----, 136 S.Ct. 2272 (2016); and *United States v. Castleman*, --- U.S. ----, 134 S.Ct. 1405 (2014) should be interpreted to overrule prior Third Circuit precedent that reckless crimes cannot constitute crimes of violence for purposes of § 4B1.2. (Docket Nos. 124, 143). This Court recently addressed this precise issue in *Stanton*, holding that simple assault is not a crime of violence under the categorical approach outlined in *Mathis* and that *Castleman* and *Voisine* are distinguishable. *See Stanton*, Crim. No. 11-57, Docket No. 216. The Court's reasoning follows.

It is the Government's burden at sentencing to demonstrate the applicability of a sentencing enhancement by a preponderance of the evidence. *See United States v. Grier*, 475 F.3d

556, 568 (3d Cir. 2007). Section 2K2.1(a)(4)(A) provides that a defendant's base offense level is 20 "if—the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(4)(A). Pursuant to § 4B1.1(a)(1), "[t]he term 'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--(1) has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1) (2016). In this context, "'physical force' means *violent* force – that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis in original). A person is guilty of a Pennsylvania simple assault under § 2701(a)(1), if he "(1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another." 18 Pa.C.S. § 2701(a)(1).

The next step in the Court's analysis is to determine whether § 2701(a)(1) is divisible as the answer to that question results in the application of either the categorical approach or the modified categorical approach to analyze the particular statute. *See United States v. Brown*, 765 F.3d 185, 189 (3d Cir. 2014). A divisible statute lists elements in the alternative, essentially defining multiple crimes in a single statute. *Mathis*, 136 S.Ct. at 2249. As the Supreme Court recognized in *Mathis*, this type of statute is distinguishable from one that sets forth alternative means of committing a crime, specifying different methods of committing the crime but not altering its elements. *Id.* If the statute is indivisible, the Court applies the categorical approach, pursuant to which the Court must "focus solely on whether the elements of the crime of conviction sufficiently match the elements of [the] generic [federal offense], while ignoring the particular facts of the case." *Mathis*, 136 S.Ct. at 2248; *see also Singh v. Attorney Gen.*, 839 F.3d 273, 278-79 (3d Cir. 2016). In contrast, if the statute is divisible, the Court applies the modified categorical approach

12

solely for the purpose of "determin[ing] what crime, with what elements, a defendant was convicted of." *Mathis*, 136 S.Ct. at 2249; *Singh*, 2016 WL 5845692, at *1-2.

Here, the parties agree that Defendant was convicted under § 2701(a)(1). (Docket Nos. 121, 124, 140, 143, 146). Defendant maintains that this subsection of the simple assault statute is indivisible after *Mathis*. (Docket Nos. 140, 146). The Government has not countered this argument but proceeds to evaluate the statute as if it is indivisible. (Docket No. 143). As the Court held in *Stanton*, § 2701(a)(1) is indivisible in light of *Mathis*. Thus, the actual facts underlying Defendant's simple assault conviction, as are summarized in the PIR and set forth in the charging document, are not relevant to the Court's inquiry. *Mathis*, 136 S.Ct. at 2249.

Next, Defendant is also correct that the law of the Third Circuit has been well established for some time that Pennsylvania simple assault under § 2701(a)(1) is not a crime of violence under the elements or force clause of § 4B1.2(a)(1). In *United States v. Otero*, the Court of Appeals held that "'on its face' simple assault under Pennsylvania law, [§ 2701(a)(1)], does not require the 'use of force' when 'causing bodily injury.'" *United States v. Harris*, Cr. No. 06-268, --- F. Supp. 3d ----, 2016 WL 4539183, at *13 (M.D. Pa. Aug. 31, 2016) (quoting *United States v. Otero*, 502 F.3d 331, (3d Cir. 2007)); *see also Popal v. Gonazales*, 416 F.3d 249, 251 (3d Cir. 2005). This is so because the Third Circuit has held that a Pennsylvania simple assault committed with a *mens rea* of recklessness does not constitute a crime of violence. *See e.g., United States v. Doe*, 810 F.3d 132, 147 (3d Cir. 2015) (citing *United States v. Johnson*, 587 F.3d 203, 210-11, n.8 (3d Cir. 2009) ("Simple assault is not categorically a crime of violence under the Sentencing Guidelines; rather, only knowing or intentional assaults are."); *United States v. Pitts*, No. 15-2589, 2016 WL 3743183, at *3 (3d Cir. July 13, 2016) ("Pitts argues that under *United States v. Otero*, this Court has held that simple assault in Pennsylvania is not a crime of violence for guidelines purposes.

13

Pitts is correct, but Pitts was not convicted of simple assault; he was convicted of aggravated assault. Pitts contends that the only difference between a simple and aggravated assault is the status of the victim. This is incorrect. *Otero* illustrates the significant difference between the two. Simple assault in Pennsylvania encompasses negligent or reckless behavior."); *Cf. United States v. Gorny*, --- F. App'x ---, 2016 WL 3689063, at *4 (3d Cir. 2016) (holding that Pennsylvania crime of aggravated assault under § 2702(a)(4) is a crime of violence and met the *mens rea* requirement of the element's clause because it proscribed only intentional or knowing conduct). And, Pennsylvania law is well settled that a conviction under § 2701(a)(1) does not require a finding that the defendant used violent force. *Id.*

The Government now contends that the recent Supreme Court decisions in *Castleman* and *Voisine* should be interpreted to overrule prior Third Circuit precedent that a simple assault committed recklessly cannot constitute a crime of violence under § 4B1.2. (Docket No. 143). Defendant naturally disagrees. (Docket No. 146). Having reviewed the cited precedent, the Court agrees with the reasoning set forth by the District Courts in *United States v. Sabetta*, --- F.3d ----, 2016 WL 6157454 (D. R.I. Oct. 24, 2016) and *Bennett v. United States*, Civ. No. 16-251-GZS, 2016 WL 3676145, at *3 (D. Me. Jul. 6, 2016), insofar as they hold that *Castleman* and *Voisine* did not overrule prior precedent in this Circuit on the interpretation of "use of force" under § 4B1.2(a)(1).

Initially, the Third Circuit has not yet offered its interpretation of *Castleman* or *Voisine* in the context that the Government is attempting to utilize it here. *See Baptiste v. Attorney General*, --- F.3d ---, 2016 WL 6595943, at n.5 (3d Cir. Nov. 8, 2016) ("noting 'differences in [the] contexts and purposes' of § 921(a)(33)(A) and § 16, the [Supreme Court] went out of its way to make clear that its decision in *Voisine* 'does not resolve whether § 16 includes reckless behavior.'"). More

14

persuasively, however, is that *Castleman* and *Voisine* are distinguishable because they involved the interpretation of "use of physical force" set forth in the definition of "misdemeanor crime of violence" in a different statute, 18 U.S.C. § 921(a)(33)(A)(ii). Simply put, *Castleman* defined "physical force" more broadly than it had in *Johnson* for purposes of the ACCA, a definition which applies to the identical usage of the career offender guideline. *Castleman*, 134 S. Ct. at 1410; *see also Calbretta*, 831 F.3d at 137. *Voisine* interpreted "use" and held that a "misdemeanor crime of domestic violence" committed with a *mens rea* of recklessness fit within Castleman's definition. *Voisine*, 136 S. Ct. at 2280 ("Congress's definition of a 'misdemeanor crime of violence' contains no exclusion for convictions based on reckless behavior. A person who assaults another recklessly 'use[s]' force, no less than one who carries out that same action knowingly or intentionally.").

Indeed, the Supreme Court has expressly noted multiple times that its interpretation of the two statutes, the ACCA and § 921(a)(33)(A)(ii), is different. The majority of the Supreme Court held in *Castleman* that:

> *Johnson* resolves this case in the Government's favor—not, as the Sixth Circuit held, in Castleman's. In *Johnson*, we considered whether a battery conviction was a "violent felony" under the Armed Career Criminal Act (ACCA), § 924(e)(1). As here, ACCA defines such a crime as one that "has as an element the use ... of physical force," § 924(e)(2)(B)(i). We began by observing that at common law, the element of force in the crime of battery was "satisfied by even the slightest offensive touching." 559 U.S., at 139, 130 S.Ct. 1265 (citing 3 W. Blackstone, Commentaries on the Laws of England 120 (1768)). And we recognized the general rule that "a common-law term of art should be given its established common-law meaning," except "where that meaning does not fit." 559 U.S., at 139, 130 S.Ct. 1265. We declined to read the common-law meaning of "force" into ACCA's definition of a "violent felony," because we found it a "comical misfit with the defined term." *Id.,* at 145, 130 S.Ct. 1265; *see United States v. Stevens*, 559 U.S. 460, 474, 130 S.Ct. 1577, 176 L.Ed.2d 435 (2010)

15

> ("[A]n unclear definitional phrase may take meaning from the term to be defined"). In defining a "'violent felony,'" we held, "the phrase 'physical force' " must "mea[n] violent force." *Johnson*, 559 U.S., at 140, 130 S.Ct. 1265. But here, the common-law meaning of "force" fits perfectly: The very reasons we gave for rejecting that meaning in defining a "violent felony" are reasons to embrace it in defining a "misdemeanor crime of domestic violence."

*Castleman*, 134 S. Ct. at 1410; *see also id.* at n.3 (citing *Johnson*, 559 U.S., at 143–144, 130 S.Ct. 1265 ("*Johnson* specifically reserved the question whether our definition of 'physical force' would extend to 18 U.S.C. § 922(g)(9)."). Justice Thomas makes the same point in *Voisine*:

> Some of our cases have distinguished "violent force"—force capable of causing physical injury—and common-law force, which included all nonconsensual touching, *see Johnson v. United States*, 559 U.S. 133, 140–141, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010), but others have not, *see United States v. Castleman*, 572 U.S. ——, ———, 134 S.Ct. 1405, 1410, 188 L.Ed.2d 426 (2014).

*Voisine*, 136 S. Ct. at 2288, n.1 (Thomas, J.). In this Court's estimation, the Supreme Court has recognized that the phrase "use of physical force" set forth in the two statutes must be interpreted differently by the lower courts.

This Court must follow the Supreme Court's directives and is likewise bound by the Third Circuit's holdings that a conviction of Pennsylvania simple assault under § 2701(a)(1) is not categorically a crime of violence under the elements clause. *Cf. United States v. Mitlo*, 714 F.2d 294, 298 (3d Cir. 1983) (citation omitted) ("[P]recedents set by higher courts are conclusive on courts lower in the judicial hierarchy."). In contrast, this Court is not bound by decisions from the other Courts of Appeal cited by the Government. (*See* Docket No. 143). Further, none of those decisions grappled with the issue before this Court of whether simple assault under the Pennsylvania statute is a crime of violence. Therefore, this Court joins the other District Courts that have recently held that Pennsylvania simple assault under § 2701(a)(1) is no longer a "crime

16

of violence." *See e.g.*, *United States v. Frederick*, Cr. No. 06-83, Civ. No. 16-581, 2016 WL 5852016 (W.D. Pa. Oct. 6, 2016) (Ambrose, J.); *United States v. Smith*, Cr. No. 92-146, Civ. No. 16-574, 2016 WL 4480072 (W.D. Pa. Aug. 25, 2016) (Ambrose, J.); and *United States v. Powell*, Cr. No. 15-60, 2016 WL 4448427 (M.D. Pa. Aug. 24, 2016) (Caldwell, J.).

All told, the Court finds that Defendant is both eligible for and entitled to relief under § 2255 and the Court will vacate his sentence as it was imposed based on an unconstitutional sentencing enhancement. *See* 28 U.S.C. § 2255. Based on the information before the Court indicating that Defendant's anticipated release date is January 19, 2017, it appears that Defendant may be eligible for a prompt release. To this end, the parties responded to the Court's request for argument as to the potential import of Defendant's subsequent state convictions sustained in 2009 for robbery-inflict serious bodily injury, aggravated assault and persons not to possess a firearm and for which he was sentenced to 5-10 years' incarceration at any resentencing. (Docket Nos. 135, 136). The Court agrees with Defendant that his 2009 state convictions would not operate to increase his base offense level or serve as a predicate "crime of violence" for purposes of the enhancement under § 2K2.1(a)(4)(A), which applies only to convictions which were sustained *prior* to the conduct underlying this federal offense. *See* U.S.S.G. § 2K2.1(a)(4)(A) (a defendant's base offense level is 20 "if—the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense."). Therefore, Defendant's base offense level would be 14 pursuant to § 2K2.1(a)(6)(A) and his total offense level would be 20 after including the enhancements for an obliterated serial number (4-levels) and obstruction of justice (2-levels) that were applied at the initial sentencing hearing.

While Defendant objects to the Court adding any criminal history points for the subsequent

state convictions in 2009, he adds that it would not affect his eligibility for a prompt release given the amount time he has served toward the federal sentence to this point and his anticipated release date of January 19, 2017. (Docket No. 136). A plain reading of § 4A1.2(a)(1) and the commentary to same indicate that the sentence of 5-10 years' incarceration for the 2009 convictions constitutes a "prior sentence" because it is "any sentence previously imposed," i.e., "a sentence imposed prior to sentencing on the instant offense." U.S.S.G. § 4A1.2(a)(1), n.1. Courts have held that criminal history points may be added under this provision for sentences imposed after the original sentencing hearing at a *de novo* resentencing following the vacation of a sentence under § 2255. *United States v. Tidwell*, 827 F.3d 761, 763-64 (8th Cir. 2016); *cf. United States v. Torres*, 251 F.3d 138, n.2 (3d Cir. 2001) (citing U.S.S.G. § 1B1.11 for the proposition that at resentencing the guidelines in effect at the time of the resentencing are utilized by the Court.). This is distinguishable from a resentencing proceeding following a remand from the Court of Appeals that is governed by § 3742(g)(1). *Tidwell*, 827 F.3d at 764, n.3.

In any event, it appears that resolution of this dispute is unnecessary because the addition of 3 criminal history points for a total of 6, would place Defendant in criminal history category III. Based on a total offense level of 20 and a criminal history category of III, Defendant's advisory guidelines range is 41-51 months. Without the additional criminal history points, the advisory guidelines range is 37-46 months. It appears that Defendant has served sufficient time against the federal sentence to be eligible for a time served sentence at the resentencing hearing. However, the Court will provide the parties with an opportunity to confer on these issues and proceed to schedule this matter for resentencing as soon as practicable.

V. CONCLUSION

Based on the foregoing, Defendant's Motion [121] is granted. An appropriate Order

follows.

                                                      *s/Nora Barry Fischer*
                                                     Nora Barry Fischer
                                                     United States District Judge

Dated: December 5, 2016

cc/ecf: All counsel of record